UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ERIC A. CURTNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 08-CV-2253 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

OPINION

On October 16, 2008, Petitioner Eric Curtner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). Petitioner also filed a Memorandum of Law (#2). On January 5, 2009, the Government filed its Response (#6), and on January 26, 2009, Petitioner filed a Reply (#7). On May 8, 2009, Petitioner filed a Motion to Take Judicial Notice (#9). Finally, on May 15, 2008, Petitioner filed a Motion for Leave to File 2255 Amendments (#10). For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1), as amended, is DENIED.

BACKGROUND

On January 6, 2006, in Case No. 06-CR-20003, Petitioner was indicted on one count of possession of a firearm, namely, a destructive device that was an explosive and incendiary bomb, commonly known as a "pipe bomb", that was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d). Prior to trial, the Petitioner, against the advice of his court appointed counsel, filed a pro se motion to suppress evidence. The Petitioner challenged the validity of the traffic stop that led to

1

the seizure of the pipe bomb, Petitioner's possession of which formed the basis for the charge in the indictment. Following an evidentiary hearing this court denied Petitioner's motion, concluding that the traffic stop and seizure of the pipe bomb by the officers involved in the traffic stop were lawful. Specifically, this court found that the testimony of the officers involved in the traffic stop, including Jeff Branson, was credible, and that the Petitioner's testimony was not credible.

On October 10, 2006, the case proceeded to jury trial. At trial, the Government's evidence established that (1) Petitioner was found in possession of a pipe bomb; (2) Petitioner admitted to possession of the pipe bomb; and (3) Petitioner referred to the pipe bomb as a "fire bomb." In light of this evidence, the defense counsel's strategy was to challenge Petitioner's knowledge as to whether the pipe bomb was an explosive device. See United States v. Curtner, No. 07-2007 (7th Cir. Jan. 18, 2008) (unpublished order). When instructing the jury on the law, this Court advised the jury that to prove Petitioner guilty of the offense charged, the Government was required to prove that: (1) Petitioner knowingly possessed a firearm; (2) Petitioner knew that the firearm possessed the characteristics of a destructive device; and (3) the firearm was not registered in the National Firearms Registration and Transfer Record. On October 11, 2006, a jury found Petitioner guilty of the offense charged in the indictment.

On October 17, 2006, Petitioner filed a pro se motion for a new trial, arguing that (1) his counsel was ineffective in failing to file a motion to suppress, and (2) counsel was ineffective at trial. On November 28, 2006, this Court denied Petitioner's motion, concluding that trial counsel "ably represented [Petitioner] at the evidentiary hearing on [Petitioner's] pro se motion to suppress and at trial." This Court further concluded that Petitioner had failed to establish that, but for counsel's actions, the result of his case would have been different.

On April 30, 2007, this Court sentenced Petitioner to 120 months imprisonment, three years of supervised release, and a $100 special assessment. On direct appeal, Petitioner's counsel moved to withdraw, arguing that she could find no non-frivolous basis for the appeal. On January 18, 2008, the Seventh Circuit granted the motion and dismissed Petitioner's appeal. In granting the motion, the Seventh Circuit concluded that there were no non-frivolous grounds to challenge this Court's denial of Petitioner's motion to suppress, the sufficiency of the evidence, or Petitioner's sentence. United States v. Curtner, No. 07-2007 (7th Cir. Jan. 18, 2008) (unpublished order). The Seventh Circuit later rejected Petitioner's pro se motion for rehearing. United States v. Curtner, No. 07-2007 (7th Cir.) (docket entry 2/19/08).

On October 16, 2008, Petitioner filed the instant motion under 28 U.S.C. § 2255, alleging the following claims: (1) that his counsel was ineffective during the trial; (2) that his counsel was ineffective because he failed to fully investigate the facts surrounding the initial traffic stop; (3) that he is actually innocent of the offense charged because the activity he was engaged in was legal; (4) that he was improperly sentenced by the court; and (5) that his appellate counsel was ineffective.

## ANALYSIS

To establish ineffective assistance of counsel, Petitioner must demonstrate: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's performance prejudiced the Petitioner. Bednarski v. United States, 481 F.3d 530, 535 (7th Cir. 2007), citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In assessing reasonableness, this court must start with a presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." United States v. Yack, 139 F.3d 1172, 1176 (7th Cir. 1998), quoting Strickland, 466 U.S. at 689. Therefore, the defendant "must overcome

the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Yack, 139 F.3d at 1176, quoting Strickland, 466 U.S. at 689. In order to show prejudice, the defendant must show that "but for his counsel's unprofessional errors, there is a reasonable probability that the result in his case would have been different." Reeves v. United States, 255 F.3d 389, 393 (7th Cir. 2001).

Petitioner claims, in the first instance, that he received ineffective assistance of counsel because his counsel failed to "fully and adequately investigate a viable defense available to the movant . . . ." Petitioner advances the argument that it was legal to possess a "fire bomb" for recreational purposes only, and if the facts had been adequately investigated the jury would have determined that Petitioner legally possessed the "fire bomb" with the intent only to use it as a firework. However, the Seventh Circuit stated, in this case, that "the knowledge element is met when the defendant is aware that the features of the device brought it within the realm of regulation." United States v. Curtner, No. 07-2007 (7th Cir. Jan. 18, 2008) (unpublished order). The Seventh Circuit has recognized that, in cases such as this one where the device in question was fully assembled, "the only issue is whether the objective characteristics of the device bring it within the ambit of the statute; subjective intent regarding the device is not an appropriate consideration in that inquiry." United States v. Johnson, 152 F.3d 618, 627 (7th Cir. 1998).

Therefore, because the "fire bomb" in question was complete and was found to objectively meet the characteristics of a destructive device, an argument based on the subjective intent of the Petitioner would have been frivolous. Thus, Petitioner is unable to demonstrate that he suffered any prejudice from defense counsel's failure to challenge the intent of the Petitioner as to the use of the "fire bomb."

Petitioner next claims that he received ineffective assistance of counsel because his lawyer failed to fully investigate the facts surrounding the initial traffic stop, preventing counsel from adequately presenting a motion to suppress evidence.  In support of this claim, Petitioner attempts to call into question the credibility of the officer's testimony in relation to the initial traffic stop; specifically attempting to challenge Branson's testimony that he reasonably believed that Charlie Cowger, a person Branson knew not to possess a valid driver's license, was the driver of the car he subjected to a traffic stop.  However, this Court has previously concluded that Branson's testimony was credible, and the Petitioner's testimony was not credible.  This court agrees with the Government that the new allegations contained in this motion do not challenge this court's conclusion in regards to Branson's testimony.  Furthermore, this court previously concluded when denying Petitioner's motion for a new trial that there was no ineffective assistance of counsel, stating that trial counsel "ably represented [Petitioner] at the evidentiary hearing on [Petitioner's] pro se motion to suppress and at trial" and also concluded that Petitioner had failed to establish that but for counsel's actions, the result of his case would have been different.  This court therefore concludes that Petitioner's attempt to once again challenge the sufficiency of evidence does not establish that his counsel was ineffective.

Petitioner next argues that he is actually innocent of the crime charged.  This claim is based upon an argument of sufficiency of the evidence at trial that the pipe bomb was within the scope of the statute.  The jury, this Court, and the Seventh Circuit have previously rejected this argument.  On direct appeal, the Seventh Circuit concluded that a challenge to the sufficiency of the evidence would be "frivolous," as "[t]here is ample evidence for a rational jury to have concluded that Curtner did, in fact, know that the device was within the scope of the statute." United States v. Curtner, No. 07-2007 (7th Cir. Jan. 18, 2008) (unpublished order).  The Seventh

Circuit also stated, "[t]he nature and design of the 7½-inch bomb could lead a rational jury to conclude that Curtner knew it was a type of explosive that one must register to legally possess, and no ordinary firecracker." United States v. Curtner, No. 07-2007 (7th Cir. Jan. 18, 2008) (unpublished order). This court therefore concludes that Petitioner's attempt to once again challenge the sufficiency of evidence does not establish that he is actually innocent of the crime charged.

Petitioner next argues that his sentencing is not authorized by Congress. However, Petitioner failed to raise this claim on direct appeal. A Petitioner may only raise constitutional errors not raised on direct appeal if he can demonstrate that: "either (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice." McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). Petitioner has not established cause for the failure to raise this claim on appeal and has not established prejudice resulting from this failure. Additionally, Petitioner has not shown that a refusal to consider the claim now would result in a miscarriage of justice. See McCleese, 75 F.3d at 1177. Furthermore, the Seventh Circuit concluded on direct appeal that "any sentencing challenge would be frivolous." United States v. Curtner, No. 07-2007 (7th Cir. Jan. 18, 2008) (unpublished order). Therefore, this court concludes that this claim is waived.

Finally, Petitioner argues that his appellate counsel was ineffective. However, this court agrees with the Government that this claim is meritless because the Seventh Circuit has previously concluded that there were no non-frivolous grounds for counsel to raise on direct appeal. See United States v. Curtner, No. 07-2007 (7th Cir. Jan. 18, 2008) (unpublished order).

6

On May 8, 2009, Petitioner filed a Motion for Court to Take Judicial Notice of the Supreme Court's decision in Arizona v. Gant, 129 S. Ct. 1710 (2009). Additionally, on May 15, 2009, Petitioner filed a Motion for Leave to File 2255 Amendments. Specifically, the Petitioner requests that this Court allow the Petitioner's amendment which provides additional case support for evidence of ineffective assistance of counsel in regards to the admissibility of evidence arising from the traffic stop. The Petitioner's Motions for the Court to Take Judicial Notice and for Leave to File 2255 Amendments are GRANTED.

In Gant, the Supreme Court held that officers may only conduct a warrantless search if (1) the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search, or (2) if it is reasonable to believe that evidence relevant to the crime of arrest might be found in the vehicle. Id. at 1719, 1723-24. Applying this rule to the facts in Gant, the Court held that the search of the passenger compartment of the arrestee, whom was arrested for driving with a suspended license, after he was secured in the police car, was unreasonable because it was not reasonable for police to believe that Gant could have accessed his car or that evidence relating to the offense might have been found. Id. at 1719.

However, despite the fact that the evidence in Petitioner's case was obtained similarly, at the time the police searched Petitioner's vehicle they were following the controlling case law as to the ability to search the passenger compartment incident to the arrest. See New York v. Belton, 453 U.S. 454 (1981). Generally, new constitutional rules of criminal procedure do not apply retroactively to cases that have already been finalized and are on collateral review. Teague v. Lane, 489 U.S. 288, 310 (1989). Instead, new criminal procedure rules only retroactively apply if they either (1) place an entire category of conduct beyond the reach of the criminal law or (2) if the new rule is a watershed rule of criminal procedure, implicating

fundamental fairness and accuracy of criminal proceedings.  See id. at 311.  Here, the rule advanced in Gant is a new procedural rule as it significantly limits Belton, however it is not a "watershed rule", implicating the fairness and accuracy of the Petitioner's case.  See Gant, 129 S.Ct. at 1719.  The sufficiency of evidence based on a new rule for the ability of police to search a vehicle does not call into question the methods used in this case.  Therefore, the Supreme Court's holding in Gant does not call into question the validity of Petitioner's conviction.

       Similarly, the Supreme Court's ruling in Gant does not call into question the effectiveness of Petitioner's counsel.  Petitioner claims in his 2255 Amendment that "[c]ounsel was constitutionally required to challenge the constitutionality of the search" that led to the discovery of the pipe bomb that Petitioner was convicted for possessing. Petitioner argues that counsel was ineffective for failure to test the constitutionality of the search of Petitioner's passenger's compartment.  See United States v. Holland, 380 F. Supp. 2d. 1264 (N.D. Ala. 2005).  For example, in Holland, the court found counsel to be ineffective for failing to challenge the constitutionality of a restitution award procedure.  Id. at 1277.  The court reasoned that the "measure of the level of diligence and understanding of the law required of a criminal defense lawyer, does not require that he be prescient, but it does require that he raise every issue that jurisprudential sources reasonably available might suggest as a matter of defense." Id. at 1273.  However, the Supreme Court has explained that the constitutional right to a competent attorney "does not insure that defense counsel will recognize and raise every conceivable constitutional claim." Engle v. Isaac, 456 U.S. 107, 134 (1982).

      Here, at the time of the search of Petitioner's vehicle, the Supreme Court's opinion in Belton was "widely understood to allow a vehicle search incident to the arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of

the search." Gant, 129 S.Ct. at 1718.  The Court has also stated that: "[o]nce an officer determines that there is probable cause to make an arrest, it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment." Thornton v. United States, 541 U.S. 615, 623 (2004).  Although the concurring and dissenting opinions in Thornton did question the constitutionality of the search of a vehicle after the arrestee was already detained and the risk of reentry into the vehicle was remote, the Court's opinion upheld the broad scope of searches allowed under Belton.  See id. at 625 (Scalia, J., concurring); id. at 636 (Stevens, J., dissenting).  This court therefore concludes that the Petitioner has failed to demonstrate that his counsel's failure to challenge the constitutionality of the vehicle search is serious enough to overcome the presumption that counsel's defense strategy was reasonable, as counsel was following the Supreme Court's "widely understood" guidance to appropriate vehicle searches.

    IT IS THEREFORE ORDERED THAT:

 (1) Petitioner's Motion to Take Judicial Notice (#9) is GRANTED.

(2)  Petitioner's Motion for Leave to File 2255 Amendments (#10) is GRANTED.

(3)  Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1), as amended, is DENIED.

(4) This case is terminated.

                ENTERED this 22nd day of June, 2009

                    **s/ Michael P. McCuskey**
                    MICHAEL P. McCUSKEY
                    CHIEF U.S. DISTRICT JUDGE